UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11432 REK

CIVIL ACTION NO.:

| | |
|---|---|
| KAMPGROUNDS OF AMERICA, INC. ) | |
| PLAINTIFF ) | |
| v. ) | MAGISTRATE JUDGE Alexander |
| MICHAEL FINAMORE, ) | |
| EILEEN FINAMORE, ) | |
| GREGORY S. FINAMORE, and ) | |
| FINECAMP K O A, INC., ) | |
| DEFENDANTS ) | |

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE 6/23/04

### VERIFIED COMPLAINT

The Plaintiff, Kampgrounds of America, Inc. ("KOA"), for its complaint herein, alleges, upon personal knowledge with respect to itself and its actions and upon information and belief as to all other matters, as follows:

#### JURISDICTION AND VENUE

1.  The claims made herein arise under the Lanham Act, 15 U.S.C.A. §§ 1051 et seq., and under state law. This Court has jurisdiction of this action under 28 U.S.C.A. §§ 1331 (federal question), 1338(a) (trademark), and the Court's pendent and ancillary jurisdiction. Venue in this district is proper under 28 U.S.C.A. § 1391(b) because all defendants reside in this district and/or the claims alleged herein arose in this district.

#### PARTIES

2.  The Plaintiff, Kampgrounds of America, Inc. ("KOA" or "Franchisor") is a corporation existing under the laws of the State of Montana, with its principal place of business in 550

- 1 -

E:\Server Files\CLIENT\Koa1584\USDCNew Complaint

North 31st Street, Billings, Montana. Since 1963, KOA has engaged in the international system of franchised recreational campgrounds.

3. The Defendant, Michael Finamore, ("Michael Finamore") is an individual with a last and usual residence of 108 Douglas Road, Route 16, Webster, MA.

4. The Defendant, Eileen Finamore, ("Eileen Finamore") is an individual with a last and usual residence of 108 Douglas Road, Route 16, Webster, MA.

5. The Defendant, Gregory S. Finamore, ("Gregory Finamore") is an individual with a last and usual residence of 108 Douglas Road, Route 16, Webster, MA.

6. The Defendant, Finecamp K O A, Inc., ("Finecamp") is a Massachusetts corporation with a usual place of business at 108 Douglas Road, Route 16, Webster, MA with Michael Finamore as president, and Eileen Finamore as treasurer and clerk.

7. The Defendants, Michael Finamore, Eileen Finamore, and Gregory S. Finamore, collectively are referred to as Franchisees ("Franchisees").

## FACTUAL ALLEGATIONS

### THE KOA TRADEMARKS AND TRADE DRESS

8. KOA has registered with the United States Patent and Trademark Office ("PTO"), numerous trademarks, trade names, service marks, logos, insignias, slogans, emblems, symbols, designs and other identifying characteristics ("KOA Marks"), which are used in commerce to identify KOA businesses, the specialty products sold therein, and KOA's services. The KOA Marks include the trademarks "Kampgrounds of America", and "KOA", which KOA has used in commerce continuously and exclusively since February 12, 1963, and the KOA Logo, which are featured on virtually all items used in connection with the KOA.

9. The registered KOA Marks are registered on the Principal Register of the PTO pursuant to 15 U.S.C.A. § 1051. All of these registrations are valid and subsisting. In addition, KOA's exclusive right to use many of the registered marks has become incontestable under 15 U.S.C.A. § 1065 and 15 U.S.C.A. § 1115(b). Notices conforming to 15 U.S.C.A. § 1111 have been used continuously in connection with these marks. A true and correct copy of the KOA Marks is annexed hereto as EXHIBIT "A" and incorporated herein by reference.

10. KOA is the exclusive registered owner of all the KOA Marks and, as such, has the exclusive right to use and to license, through franchising arrangements and otherwise, the KOA Marks.

11. KOA has been engaged in the operation and franchising of KOA renting of camping sites throughout the United States and the world for approximately 41 years.

12. The products and services offered by KOA through its unique system of businesses are widely known and recognized by the KOA Marks and trade dress, and KOA customers rely on the quality and high standards they associate with the KOA Marks and trade dress.

13. KOA has expended extraordinary sums in the advertising and promotion of the KOA Marks and trade dress through broadcast, Internet, print, billboard, and other media throughout the United States and the world.

14. As a result of KOA's extensive sales, advertising, and promotion, the KOA Marks are widely and favorably known to the trade and purchasing public as indicating the sole source of the products and services offered by KOA, and KOA has built up goodwill of incalculable value in the KOA Marks and trade dress.

15. KOA licenses its marks and trade dress to entrepreneurs who operate KOA outlets pursuant to franchise agreements with KOA. KOA uses great care to select as authorized franchisees persons of integrity and responsibility whose abilities and business locations meet the current standards required by KOA. In the minds of the purchasing public, KOA franchisees are closely associated with KOA, and a franchisee's conduct in the operation of its business has an important bearing on the good will and reputation of KOA and KOA products and services.

## THE FRANCHISE AGREEMENT

16. In 1999, the Plaintiff, KOA as Franchisor and the Defendants, Michael Finamore, Eileen Finamore, and Gregory S. Finamore as Franchisees entered into a renewal franchise agreement ("Franchise Agreement") by which KOA granted the Franchisees a franchise to operate a KOA franchise at the specific location of 108 Douglas Road, Route 16, Webster, MA and licensed them to use the KOA Marks with respect to that business ("Franchisee Business"). A true and correct copy of the Franchise Agreement is annexed hereto as **EXHIBIT "B"**, and incorporated herein by reference.

17. In Paragraph 3 of the Franchise Agreement, the Franchisees set forth the Franchises duties and obligations under the Franchise Agreement.

## THE FRANCHISEE'S DEFAULT AND TERMINATION

18. Notwithstanding the unambiguous terms of the Franchise Agreement, the Defendants, Franchisees have not performed their duties and obligations under the Franchise Agreement.

19. The Plaintiff, KOA has received numerous customer complaints about the Defendants, Franchisees, and have been ranked between 437th - 439th in overall ratings of the 439 KOA franchises in the 2003 KOA Camper Satisfaction Study.

20. The Plaintiff, KOA observed and received complaints from customers that the Defendants, Franchisees had allowed the Franchisee Business to be littered with junk and debris, including old and rusted mobile homes, autos and tanks, and was selling used vehicles at the Franchisee Business.

21. The Plaintiff, KOA observed and received complaints from customers that the Defendants, Franchisees allowed individuals to occupy mobiles homes on the campgrounds as permanent or long term housing.

22. The Plaintiff, KOA observed and received complaints from customers that the Defendants, Franchisees maintained the campground and facilities in an unclean, unkempt and unsanitary manner.

23. The Plaintiff, KOA received complaints from customers that the Defendants, Franchisees addressed customers and employees using profanities, and were rude to customers.

24. Pursuant to Section 3(u) of the Franchise Agreement, the Defendants, Franchisees are obligated: "To attend a scheduled KOA-U Management School or an International KOA Convention once every five years of the franchise term."

25. The Defendants, Franchises have not attended a KOA-U Management School or an International KOA Convention since 1991.

26. The Plaintiff, KOA routinely performs "Brand and Partner Support Reviews" ("Annual Review") of each of its franchisees, and provide the franchisees with copies of its reports to improve service and to maintain the KOA Marks and brand.

27. An Annual Review score of 75% or less is failing grade and is grounds for termination of the franchise.

28. The Defendants, Franchisees received the following Annual Review scores:

| **Year** | **Score** | |
|---|---|---|
| 1999 | 82.3% | |
| 2000 | 78.3% | |
| 2001 | 77.61% | |
| **2002** | **74.1%** | **FAILING** |

29. On August 5, 2002 the Plaintiff, KOA sent a letter to the Defendants, Franchisees informing them that they received a failing score of 74.1% for the 2002 Annual Review and placed them on notice that *"You will need to show a marked improvement to maintain your franchise."* The letter provided a detailed list of items that required immediate attention and informed the Defendants that they will be re-inspected within thirty (30) days. A re-inspection found that although some items were attended to, the vast majority of the items were ignored. A true and correct copy of the August 5, 2002 letter is annexed hereto as **EXHIBIT "C"**, and incorporated herein by reference.

30. On October 18, 2002 the Plaintiff, KOA sent a letter to the Defendants, Franchisees that there were fourteen (14) items that needed to be completed, fixed or modified prior to the 2003 Annual Review, and stated that the Defendants, Franchisees needed to correct those items if they wanted to pass the 2003 Annual Review, and remain as a franchise. A true and correct copy of the October 18, 2002 letter is annexed hereto as **EXHIBIT "D"**, and incorporated herein by reference.

31. On June 28, 2003, the Plaintiff, KOA sent a Quality Assurance team to conduct the 2003 Annual Review of the Franchise Business and gave the Defendants, Franchisee a failing score.

32.     On August 19, 2003 the Plaintiff, KOA conducted a re-inspection which showed that the Defendants, Franchisees showed that majority of the items that required attention were not attended to.

33.     On March 25, 2004 the Plaintiff, KOA sent a letter to the Defendants, Franchisees giving them 30-day notice of cancellation letter siting eight (8) violations of the Franchises Agreement, ("30-Day Cancellation Letter"). A true and correct copy of the 30-Day Cancellation Letter is annexed hereto as **Exhibit "E"**, and incorporated herein by reference. The 30-Day Cancellation Letter states the following eight (8) violations of the Franchise Agreement:

1.  Section 3(g): A chronic and persistent failure and refusal to establish and maintain a high moral and ethical standard and environment at the campground in the conduct of the campground business. There has been a history of a failure and refusal to maintain the business premises and accommodations in a clean, safe and orderly manner. The business fails to provide efficient, courteous and high quality services to the camping public. Finally, the business has failed to comply with local laws, regulations and ordinances.

2.  Section 3(h)(I): Failure and refusal to cooperate with the and encourage the use of the KOA system.

3.  Section 3(i): Failure to participate in the KOA Kamping Kabin program.

4.  Section 3(j): Failure to provide services and facilities to the public in accordance with eh system manuals. Among the many documented failures, the company has been particularly impressed by the repeated citations by the local authorities for unsafe water and wastewater systems that endanger the public.

5.  Section 3(l): Failing to fully and completely address the numerous and standards violations noted in the 2002 and 2003 inspections.

6.  Section 3(p): Refusal to show interest in identifying with other KOA franchisees and the KOA system.

7.  Section 3 (q): Violating the agreement by maintaining a car sales business on the property without first obtaining the written consent of KOA and without obtaining a local business license.

8.  Section 3(u): Failure to attend required KOA meetings and conventions.

34. On May 6, 2004 the Plaintiff, KOA conducted a re-inspection which showed that a majority of the items set forth in the 30-day Cancellation Letter were unattended to.

35. On May 11, 2004, the Plaintiff, KOA sent a Notice of Cancellation of the Franchisee Agreement. A true and correct copy of the Notice of Cancellation is annexed hereto as **Exhibit "F"**, and incorporated herein by reference.

### The Franchisee's Unauthorized Use of the KOA Marks

36. Since the termination of the Franchise Agreement, KOA has continually reaffirmed the termination and protested the Franchisee's unauthorized use of the KOA Marks at the Franchisee Business.

37. Despite the termination of its Franchise Agreement and its license to use the KOA Marks at its Franchisee Business, the Franchisees continue to use, without authorization, the KOA Marks in connection with the operation of the Franchisee Business.

### The Likelihood of Confusion

38. Moreover, the Franchisee continues to hold itself out as, and to act in a manner indicating that it still operates as an authorized KOA business. The KOA signs and KOA Logo are still displayed prominently at the Franchisee Business and the employees at the Franchisee Business greet consumers with "Welcome to KOA." There is no indication given by the businesses' appearance or by the employees' conduct that the Franchisee Business is anything other than an authorized KOA business.

### The Irreparable Injury to KOA

39. Moreover, KOA has now been placed in a position where it is powerless to exercise any control over the quality or service of the business operations at the Franchisee Business. For example, KOA has no idea how the Franchisee provides services to the camping public. The key role played by a franchisor is to ensure that its franchisees act in a manner consistent with the high quality that has come to be associated with the franchisor's trademarks. KOA can no longer play that role.

40. Losses that may result to the value of the KOA Marks and trade dress from the Franchisee's unauthorized use of such marks and trade dress cannot be measured and certainly cannot be satisfied by money damages. KOA has no adequate remedy at law. Unless the Franchisees are enjoined, KOA will continue to suffer great and irreparable injury from the Franchisee's conduct.

## FIRST CLAIM FOR RELIEF

### (VIOLATION OF 15 U.S.C.A. § 1114—TRADEMARK INFRINGEMENT)

41. The Franchisees have infringed and continues to infringe the KOA Marks by continuing to use in commerce the KOA Marks and reproductions, counterfeits, copies, and colorable imitations of the KOA Marks in connection with the sale, offering for sale, distribution, or advertising of products and services to the public at the Franchisee Business, without the consent of KOA, and despite the termination of the Franchise Agreement. Such unauthorized use of the KOA Marks is likely to cause confusion or mistake or to deceive the public in violation of 15 U.S.C.A. § 1114.

42. The Franchisees knew at all relevant times that KOA has the exclusive right to use the KOA Marks and that the Franchisees lack authorization or permission to use the marks at its

businesses after termination of the Franchise Agreement. Despite this knowledge, the Franchisees has intentionally refused to discontinue theirs acts of infringement.

43. KOA has suffered monetary damages as a result of the Franchisee's wrongful acts, including the expenditure of attorneys' fees, in an amount subject to proof at trial.

44. KOA, however, has no adequate remedy at law. KOA will suffer irreparable injury unless the Franchisee's wrongful acts of infringement are enjoined by the Court.

## SECOND CLAIM FOR RELIEF

### (VIOLATION OF 15 U.S.C.A. § 1125(A)—FALSE DESIGNATION OF ORIGIN)

45. KOA incorporates by reference as though fully set forth each and every allegation contained in paragraphs 1 through 44 above.

46. The Franchisees have used and are using the KOA Marks in connection with its in violation of 15 U.S.C.A. § 1125(a), in that it has used and is using a false designation of origin and a false description or representation in connection with products and services, tending falsely to describe or represent the origin of those products and services, and causing such products and services to enter into commerce. Such unauthorized use of the KOA Marks is a false description and representation that the Franchisee Business is legitimately connected with, affiliated with, franchised by, or in some other manner sponsored, endorsed, or approved by KOA.

47. KOA has suffered monetary damages as a result of the Franchisee's knowing and intentional use of such false descriptions or representations, including confusion and deception of the trade and purchasing public, injury to its goodwill, and the expenditure of attorneys' fees, in an amount subject to proof at trial.

48. KOA, however, has no adequate remedy at law. KOA will suffer irreparable injury unless the Franchisee's wrongful acts are enjoined by the Court.

## THIRD CLAIM FOR RELIEF

(VIOLATION OF 15 U.S.C.A. § 1125(A)—TRADE DRESS INFRINGEMENT)

49. KOA incorporates by reference as though fully set forth each and every allegation contained in paragraphs 1 through 48 above.

50. On each KOA business, and in its advertisements, KOA has affixed or featured a distinctive and nonfunctional label and logo, represented by the name KOA and its distinctive mark. Additionally, KOA features a distinctive decor and style. The label, logo, decor and style have acquired secondary meaning because the public associates the label, logo, decor and style with KOA.

51. By operating the Franchisee Business that feature KOA's decor and style that is the same and/or similar to KOA's trade dress as described above, the Franchisee will cause confusion and mistake as to the source and/or origin of products bearing the KOA label. Unless enjoined, the Franchisee will continue to engage in such conduct, in violation of 15 U.S.C.A. § 1125(a).

52. KOA has suffered monetary damages as a result of the Franchisee's knowing and intentional infringement on KOA's trade dress, including the expenditure of attorneys' fees, in an amount subject to proof at trial.

53. KOA, however, has no adequate remedy at law. KOA will suffer irreparable injury unless the Franchisee's wrongful acts are enjoined by the Court.

## FOURTH CLAIM FOR RELIEF

(VIOLATION OF MASSACHUSETTS TRADEMARK ACT, G.L., C. 110B — TRADEMARK DILUTION)

54. KOA incorporates by reference as though fully set forth each and every allegation contained in paragraphs 1 through 53 above.

55. The Franchisee's unauthorized use of the KOA Marks has injured KOA's business reputation and has diluted the distinctive quality of the KOA Marks.

56. The Franchisees have violated G.L., c. 110B, by knowingly and intentionally using the KOA Marks on its own products and services, and to describe its own products and services, for the purpose of enhancing the commercial value of, or selling or soliciting purchases of products, merchandise, goods, or services at the Franchisee Business, without the consent of KOA.

57. KOA has suffered monetary damages as a result of the Franchisee's wrongful acts resulting in the dilution of the KOA Marks, including the expenditure of attorneys' fees, in an amount subject to proof at trial.

58. KOA, however, has no adequate remedy at law. KOA will suffer irreparable injury unless the Franchisee's wrongful acts are enjoined by the Court.

## **DEMAND FOR RELIEF**

WHEREFORE, Kampgrounds of America, Inc. prays for judgment against the Defendants, Michael Finamore, Eileen Finamore, Gregory S. Finamore and Finecamp K O A, Inc., jointly and severally as follows:

1. That this Court preliminarily and permanently enjoin and restrain the Defendants, their officers, directors, agents, servants, and employees, and all persons in active concert or participation with it from the following acts:

    (a) Operating or doing business under any name or in any manner that might tend to give the general public the impression that its terminated Franchise Agreement with KOA concerning the Franchisee Business is still in force, that the Franchisee Business is in any way connected with KOA, or that the Franchisee is authorized to use any of the KOA Marks in connection with the Franchisee Business.

(b) Using any marks, name, symbol, sign, or indicia, including but not limited to the KOA Marks or marks confusingly similar to the KOA Marks and trade dress, or making any statement, which suggests or tends to suggest that the Franchisee Business are in any way connected with or a part of the KOA system.

(c) Using or adopting at the Franchisee Business any KOA confidential and/or proprietary business information.

(d) Using or adopting at the Franchisee Business any emblems, signs, displays, uniforms or other property on which any KOA Marks are imprinted.

(e) Using or duplicating KOA's service system or any portion thereof or assisting others to do so.

(f) Using or adopting any manuals, instructions, or materials delivered to the Franchisee by KOA under the terminated Franchise Agreement.

(g) Making any statements or representations concerning the origin of the Franchisee's goods or services or concerning the Franchisee's relationship with KOA which is in any way untrue or misleading.

2. That this Court award to KOA an accounting for and recovery of the Franchisee's unlawful profits earned by the Franchisee after the date of termination of the Franchisee;

3. That KOA be awarded its costs of suit and attorneys' fees in this action; and

4. That this Court grant such other and further relief as it may find necessary or proper under the circumstances.

The Plaintiff,
Kampgrounds of America, Inc.,
By Its Attorney,

June 21, 2004

Steven P. Smoot, Esq., (BBO # 543799)
Smoot & Associates, P.C.
101 Arch Street, 9th Floor
Boston, MA  02110
617-345-0220

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

KAMPGROUNDS OF AMERICA, INC
550 N 31ST ST.
BILLINGS, MONTANA

**DEFENDANTS**

MICHAEL FINAMORE
EILEEN FINAMORE
GREGORY S FINAMORE
FINECAMP KOA, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **WORCESTER**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

STEVEN F. SMOOT, ESQ
SMOOT & ASSOCIATES, P.C.
101 ARCH ST
BOSTON, MA. 02110  617-345-0220

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury – Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 550 Civil Rights | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

THE DEFENDANTS ARE USING THE PLAINTIFF'S TRADEMARKS AND TRADE DRESS IN VIOLATION OF THE LANHAM ACT.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE **N/A**    DOCKET NUMBER **N/A**

DATE: 6/22/04

SIGNATURE OF ATTORNEY OF RECORD: /s/ Smoot

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __KAMPGROUNDS OF AMERICA, INC. V. MICHAEL FINAMORE, ET AL__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
            740, 790, 791, 820, 830, (840), 850, 890, 892-894, 895, 950.

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

   04 11432 REK

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   __N/A__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   __NO.__

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? __NO__
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? __NO__

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). YES _____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). YES _____

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES __✓__ (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? __CENTRAL__

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __CENTRAL__

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION _____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __STEVEN F. SMOOT__
ADDRESS __101 ARCH ST., BOSTON, MA. 02110__
TELEPHONE NO. __617-345-0220__

(Category.frm - 09/92)