# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11432-REK

KAMPGROUNDS OF AMERICA, INC.,
**Plaintiff**

v.

MICHAEL FINAMORE, EILEEN
FINAMORE, GREGORY S. FINAMORE,
and FINECAMP K O A, INC,
**Defendants**

**DEFENDANTS' ANSWER,
COUNTERCLAIM AND JURY DEMAND**

**NOW COMES** the Defendants, **MICHAEL FINAMORE, EILEEN FINAMORE, GREGORY S. FINAMORE and FINECAMP K O A, INC.,** and disputes that the complaint was properly verified by the plaintiff and hereby sets forth their Answer and Counterclaim to the Plaintiff, **KAMPGROUNDS OF AMERICA, INC.'s** Complaint as follows:

## JURISDICTION and VENUE

1.    Defendants state that the allegation contained in paragraph 1 of the Complaint present only conclusions of law for which no response is required and calls upon the plaintiff to prove the same at trial. To the extent that a response may be required, the defendants deny all the allegations contained therein.

## PARTIES

2.    Defendants are without knowledge to affirm or deny the allegations contained in paragraph 2 of the Complaint and calls upon the plaintiff to prove the same at trial.

3.    Defendants admit the allegations contained in paragraph 3 of the Complaint.

4.    Defendants admit the allegations contained in paragraph 4 of the Complaint.

5.    Defendants admit the allegations contained in paragraph 5 of the Complaint.

6.    No answer is required. The allegations contained in paragraph 6 of the Complaint refer to a document. Such document speaks for itself. To the extent that the allegations contained in paragraph 6 of the Complaint misstate or mischaracterize the substance of said document or refer to portions thereof out of context, said allegations are denied.

7.    Defendants state that the allegation contained in paragraph 7 of the Complaint present only conclusions of law for which no response is required and calls upon the plaintiff to prove the same at trial. To the extent that a response may be required, the defendants deny the allegations contained in paragraph 7 of the Complaint and calls upon the plaintiff to prove the same at trial.

## FACTUAL ALLEGATIONS

8.    Defendants are without knowledge to affirm or deny the allegations contained in paragraph 8 of the Complaint and calls upon the plaintiff to prove the same at trial. Furthermore, Defendants state that the allegation contained in paragraph 8 of the Complaint present only conclusions of law for which no response is required and calls upon the plaintiff to prove the same at trial. To the extent that a response may be required, the defendants deny the allegations contained in paragraph 8 of the Complaint.

9.    Defendants are without knowledge to affirm or deny the allegations contained in paragraph 9 of the Complaint and calls upon the plaintiff to prove the same at trial. Furthermore, Defendants state that the allegation contained in paragraph 9 of the Complaint present only conclusions of law for which no response is required and calls

2

upon the plaintiff to prove the same at trial. To the extent that a response may be required, the defendants deny the allegations contained in paragraph 9 of the Complaint. In addition, the allegations contained in paragraph 9 of the Complaint refer to a document. Such document speaks for itself. To the extent that the allegations contained in paragraph 9 of the Complaint misstate or mischaracterize the substance of said document or refer to portions thereof out of context, said allegations are denied.

10.     Defendants are without knowledge to affirm or deny the allegations contained in paragraph 10 of the Complaint and calls upon the plaintiff to prove the same at trial. Furthermore, Defendants state that the allegation contained in paragraph 10 of the Complaint present only conclusions of law for which no response is required and calls upon the plaintiff to prove the same at trial. To the extent that a response may be required, the defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     Defendants are without knowledge to affirm or deny the allegations contained in paragraph 11 of the Complaint and calls upon the plaintiff to prove the same at trial.

12.     Defendants are without knowledge to affirm or deny the allegations contained in paragraph 12 of the Complaint and calls upon the plaintiff to prove the same at trial.

13.     Defendants are without knowledge to affirm or deny the allegations contained in paragraph 13 of the Complaint and calls upon the plaintiff to prove the same at trial.

14.     Defendants are without knowledge to affirm or deny the allegations contained in paragraph 14 of the Complaint and calls upon the plaintiff to prove the same at trial.

15.     Defendants are without knowledge to affirm or deny the allegations contained in paragraph 15 of the Complaint and calls upon the plaintiff to prove the same at trial.

3

## FRANCHISE AGREEMENT

16. No answer is required. The allegations contained in paragraph 16 of the Complaint refer to a document. Such document speaks for itself. To the extent that the allegations contained in paragraph 16 of the Complaint misstate or mischaracterize the substance of said document or refer to portions thereof out of context, said allegations are denied.

17. No answer is required. The allegations contained in paragraph 6 of the Complaint refer to a document. Such document speaks for itself. To the extent that the allegations contained in paragraph 17 of the Complaint misstate or mischaracterize the substance of said document or refer to portions thereof out of context, said allegations are denied.

## FRANCHISEE'S DEFAULT and TERMINATION

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. No answer is required. The allegations contained in paragraph 24 of the Complaint refer to a document. Such document speaks for itself. To the extent that the allegations contained in paragraph 24 of the Complaint misstate or mischaracterize the substance of said document or refer to portions thereof out of context, said allegations are denied.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. No answer is required. The allegations contained in paragraph 26 of the Complaint refer

4

to a document. Such document speaks for itself. To the extent that the allegations contained in paragraph 26 of the Complaint misstate or mischaracterize the substance of said document or refer to portions thereof out of context, said allegations are denied.

27.     No answer is required. The allegations contained in paragraph 27 of the Complaint refer to a document. Such document speaks for itself. To the extent that the allegations contained in paragraph 27 of the Complaint misstate or mischaracterize the substance of said document or refer to portions thereof out of context, said allegations are denied.

28.     No answer is required. The allegations contained in paragraph 28 of the Complaint refer to a document. Such document speaks for itself. To the extent that the allegations contained in paragraph 28 of the Complaint misstate or mischaracterize the substance of said document or refer to portions thereof out of context, said allegations are denied.

29.     Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

## UNAUTHORIZED USE OF KOA MARKS

36.     Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of the Complaint.

## LIKELIHOOD OF CONFUSION

38.    The Defendants admit that it continues to conduct itself in accordance with the parties

Franchisee Agreement. Defendants deny the remaining allegations contained in paragraph

38 of the Complaint.

39.    Defendants deny the allegations contained in paragraph 39 of the Complaint.

40.    Defendants deny the allegations contained in paragraph 40 of the Complaint.

## FIRST CLAIM FOR RELIEF
## (VIOLATION OF 15 U.S.C.A. §1114)

41.    Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.    Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.    Defendants deny the allegations contained in paragraph 44 of the Complaint.

## SECOND CLAIM FOR RELIEF
## (VIOLATION OF 15 U.S.C.A. §1125(a))

45.    Defendants repeat and reallege the allegations in their answer to the allegations contained

in the proceeding paragraphs as if fully set forth herein.

46.    Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.    Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.    Defendants deny the allegations contained in paragraph 48 of the Complaint.

## THIRD CLAIM FOR RELIEF
## (VIOLATION OF 15 U.S.C.A. §1125(a))

49.    Defendants repeat and reallege the allegations in their answer to the allegations contained

6

in the proceeding paragraphs as if fully set forth herein.

50.    Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.    Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.    Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.    Defendants deny the allegations contained in paragraph 53 of the Complaint.

### FOURTH CLAIM FOR RELIEF
### (VIOLATION OF G.L. c. 110B)

54.    Defendants repeat and reallege the allegations in their answer to the allegations contained

in the proceeding paragraphs as if fully set forth herein.

55.    Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.    Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.    Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.    Defendants deny the allegations contained in paragraph 58 of the Complaint.


**WHEREFORE,** the Defendants, **MICHAEL FINAMORE, EILEEN FINAMORE,**

**GREGORY S. FINAMORE and FINECAMP K O A, INC.** respectfully requests judgment

dismissing the Complaint as it pertains to the defendants and award costs and attorneys' fees and

other such relief as the Court deems just and prior.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The defendants state that if the plaintiff suffered damages, as alleged, such damages were

caused by the acts of a third person, which acts the defendant had no knowledge of and over whom it had no control.

## THIRD AFFIRMATIVE DEFENSE

The defendants state that the plaintiff, by its conduct and actions and/or the conduct and actions of its agents and servants, is estopped to recover any judgment against the defendants.

## FOURTH AFFIRMATIVE DEFENSE

The defendants state that the plaintiff by its conduct and actions and/or conduct and actions of its agents and servants have waived any and all rights they may have had against the defendants, and therefore the plaintiff cannot recover.

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery against the defendants because the plaintiff had knowledge of the facts set forth in the Complaint prior to commencement of this action and during the interval the defendants' position materially changed as a result, and the defendants are materially prejudiced and therefore the plaintiff should be barred by laches from obtaining relief.

## SIXTH AFFIRMATIVE DEFENSE

The defendants states that the plaintiff's Complaint is frivolous and groundless and that the defendant is entitled to attorneys' fees and costs.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant intends on relying upon any other Affirmative Defense that may become available or apparent during discovery in this matter.

## EIGHTH AFFIRMATIVE DEFENSE

The defendant intends on relying upon any other Statutory Affirmative Defense that may

8

become available or apparent during discovery in this matter.

**WHEREFORE** the defendants, **MICHAEL FINAMORE, EILEEN FINAMORE,**

**GREGORY S. FINAMORE and FINECAMP K O A, INC.** respectfully requests judgment

dismissing the Complaint as it pertains to the defendant and award costs and attorneys' fees and

other such relief as the Court deems just and prior.

## CLAIM OF TRIAL BY JURY

Defendants, **MICHAEL FINAMORE, EILEEN FINAMORE, GREGORY S.**

**FINAMORE and FINECAMP K O A, INC.** claim a trial by jury on all issues.

## COUNTERCLAIM

3.    The plaintiff-in-counterclaim, Michael Finamore is an individual with a residence in

Webster, Worcester County, Massachusetts.

4.     The plaintiff-in-counterclaim, Eileen Finamore is an individual with a residence in

Webster, Worcester County, Massachusetts.

5.    The plaintiff-in-counterclaim, Gregory S. Finamore is an individual with a residence in

Webster, Worcester County, Massachusetts.

4.    The plaintiff-in-counterclaim, Finecamp K O A Inc. ("Finecamp") is a corporation duly

organized under the laws of the Commonwealth of Massachusetts with a principal place of

business in Webster, Worcester County, Massachusetts.

5.    The defendant-in-counterclaim, Kampgrounds of America, Inc. ("KOA") is a corporation

duly organized under the laws of the State of Montana with a principal place of business at

556 North 31st Street, Billings, Montana.

3.      On or about August 31, 1999, the plaintiffs-in-counterclaim ("FINAMORE") entered into

        a Franchise Agreement ("Agreement") with the defendant-in-counterclaim ("KOA")

        whereby the parties agreed that FINAMORE would operate a KOA franchise at 108

        Douglas Road, Route 16, Webster, MA. In return, FINAMORE agreed to pay a weekly

        royalty check to KOA.

6.      Since August 31, 1999 FINAMORE maintained its facility in accordance with the

        Agreement and with local health codes.

7.      Since August 31, 1999 FINAMORE paid the royalty proceeds to KOA in accordance with

        the Agreement.

4.      Pursuant to the Agreement KOA was required to maintain FINAMORE on its website:

        make referrals to FINAMORE; maintain a toll free telephone number and other related

        services.

5.      KOA failed and refused to comply with the terms of the Agreement by terminating the

        Agreement without cause; eliminating FINAMORE from its website; eliminating

        FINAMORE'S toll free telephone number; and terminated referrals campers to

        FINAMORE.


## FIRST CLAIM
## BREACH OF CONTRACT

6.      The Plaintiffs  repeat, reallege and incorporate herein paragraph 1 through 5 of the

        counterclaim.

10

7.    KOA 's termination of the Agreement without cause constituted a material breach of the
      terms of the Agreement.

8.    As a direct and proximate result of KOA's breach of the Agreement, FINAMORE
      sustained loss of substantial revenues and profits and other related damages to its
      business.


      WHEREFORE, the plaintiff-in-counterclaim, FINAMORE, respectfully demands that the
Court enter a judgement against the defendant-in-counterclaim, KOA, in an amount that is just
and appropriate for the loss sustained; together with interest and costs and for other such relief as
this Court deems just and proper.

### SECOND CLAIM
### VIOLATION OF M..G.L.c. 93A

9.    The Plaintiff repeats, realleges and incorporates herein paragraph 1 through 8 of the
      Complaint.

10.   FINAMORE is engaged in business as that term is defined in M.G.L. c. 93A §11.

11.   KOA is engaged in business as that term is defined in M.G.L. c 93A §11.

12.   KOA's conduct and actions in intentionally terminating the Agreement without cause
      constitute unfair and deceptive acts in violation of M.G.L. c. 93A.

13.   The conduct and actions of KOA have caused harm to FINAMORE in that it sustained
      damages, lost profits and revenues and other related damages.


      WHEREFORE, the plaintiff-in-counterclaim, FINAMORE, respectfully demands
judgement against the Defendant-in-counterclaim, KOA, in an amount that is just and appropriate

for the loss sustained plus treble damages, costs, interests and reasonable attorneys' fees allowed

by law.

**CLAIM THREE**
**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

14.    Plaintiff, repeats, reallege and incorporates herein paragraph 1 through 13 of the

counterclaim.

15.    KOA's conduct and actions in intentionally terminating the Agreement without cause was

a breach of the parties implied covenant of good faith and fair dealing.

16.    The conduct and actions of KOA have caused harm to FINAMORE in that they sustained

damages, lost profits and revenues and other related damages.


WHEREFORE, the plaintiff-in-counterclaim, FINAMORE, respectfully demands that the

Court enter a judgement against the defendant-in-counterclaim, KOA, in an amount that is just

and appropriate for the loss sustained; together with interest and costs and for other such relief as

this Court deems just and proper. In addition, plaintiff-in-counterclaim respectfully requests as

follows:

A.    That this Court preliminary enjoin and restrain the defendant-in-counterclaim, their

directors, officers, agents, servants and employees from terminating the toll free

telephone number; to restore FINAMORE on its website as a KOA facility; restore

the FINAMORE on KOA's referral system; and to accept the royalty checks paid

by FINAMORE to KOA in accordance with the Agreement or in the alternative,

order FINAMORE to deposit the royalty checks into an escrow account pending

12

disposition of this matter.

B.

## CLAIM OF TRIAL BY JURY

Defendants, **MICHAEL FINAMORE, EILEEN FINAMORE, GREGORY S.**

**FINAMORE and FINECAMP K O A, INC.** claim a trial by jury on all issues.


Respectfully submitted,
Michael FINAMORE, Eileen FINAMORE,
Gregory S. FINAMORE and Finecamp K O
A, Inc.
By their Attorney,


Dated: July 14, 2004                     Richard M. McLeod
                                          BBO #555134
                                          FOLLANSBEE and MCLEOD, LLP
                                          Ten McGrath Highway
                                          Quincy, MA  02169
                                          (617) 471-3494

13

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**C.A. NO. 04-11432-REK**

**KAMPGROUNDS OF AMERICA, INC.,**
**Plaintiff**

v.

**MICHAEL FINAMORE, EILEEN**
**FINAMORE, GREGORY S. FINAMORE,**
**and FINECAMP K O A, INC,**
**Defendants**

### CERTIFICATE OF SERVICE

I, Richard M. McLeod, hereby certify that on this 16th day of July, 2004 served a copy of

the above Answer, Counterclaim and Jury Demand on the plaintiff by mailing a copy first class

mail, postage prepaid to its attorney of record, Steven Smoot, Esq., Smoot & associates, P.C.,

101 Arch Street, 9th Floor, Boston, MA 02110.

Richard M. McLeod

14