FILED
CLERKS OFFICE
2004 AUG -2 P 4: 00
U.S. DISTRICT COURT
DISTRICT OF MASS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11432-REK

KAMPGROUNDS OF AMERICA, INC.
PLAINTIFF

v.

MICHAEL FINAMORE,
EILEEN FINAMORE,
GREGORY S. FINAMORE, and
FINECAMP K O A, INC.,
DEFENDANTS

**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

The Plaintiff, Kampgrounds of America, Inc. ("KOA") moves pursuant to the Federal Arbitration Act, 9 U.S.C.A. §§ 1, et seq., and Rule 12 of the Federal Rules of Civil Procedure to dismiss the Defendants, Michael Finamore, Eileen Finamore and Gregory S. Finamore and Finecamp KOA, Inc. counterclaim on the grounds that pursuant to the terms of the Franchise Agreement the Defendants must seek arbitration for any alleged dispute of the Franchise Agreement.

In support of this Motion the Plaintiff, KOA states as follows:

1. On August 30, 1999 the parties executed a Franchise Agreement ("Franchise Agreement"). A copy of the Agreement is attached as **EXHIBIT "B"** of the Verified Complaint.

2. The Franchise Agreement requires that "... any controversy or claim arising out of relating to this Franchise Agreement or breach thereof..." must be submitted to arbitration ("Arbitration Clause"). Pursuant 13 of the Franchise Agreement, the Arbitration Clause, states in relevant part as follows:



F:\Server Files\CLIENT\Koa1584\USDC\Motion to Dismiss

> **13. ARBITRATION.** Any controversy or claim arising out or relating to this Franchise Agreement or the breach thereof, expect as stated below, will be settled by arbitration in accordance with the rules of The American Arbitration Association then in effect and the Federal Arbitration Act. The decision of the arbitrator shall, except for mistake of law, shall be binding upon the parties hereto, and judgment upon the award rendered by the arbitrator, which will, in case of damages, be limited to actual damages proven in the arbitration may be entered in any court having jurisdiction thereof
>
> .... The situs of the arbitration will be in Billings, Montana unless the sate law where the franchised park/campground is situated provides otherwise. In such case(s), the situs will be at the American Arbitration Association's office located in the most populous city of the state.
>
> A party wishing to proceed through an action, suit or proceeding with respect to trademarks, service marks, trade names, copyrights or other intellectual property rights may do so without limitation, protecting any of the same against infringements and recovering compensation or damages for their use. The prevailing party is entitled to be compensated for its attorneys fees, court costs and other reasonable expenses in any such action."

3. On May 11, 2004 the Plaintiff, KOA sent the Defendants a Notice of Cancellation of the Franchise Agreement. See Paragraph 35 and **EXHIBIT "F"** of the Verified Complaint.

4. On June 23, 2004 the Plaintiff, KOA filed this action pursuant to the Lanham Act, 15 U.S.C.A. §§ 1051, et seq., to preserve and protect its trademarks and services marks being used by the Defendants. The Plaintiff's action is exempted from the Arbitration Clause.

5. On July 16, 2004 the Defendants filed an Answer, Counterclaim and Demand for Jury Claim ("Counterclaim").

6. The Counterclaim sets forth three (3) counts: (1) Breach of Contract, for breach of the Franchise Agreement for improper termination, (2) Violation of Massachusetts General Law, Chapter 93A, Section 11, for improper termination the Franchise Agreement, and (3) Breach of the Implied Convenient of Good Faith and Fair Dealing, for improper termination the Franchise Agreement.

7. The Defendants have not made a claim for arbitration.

## DISCUSSION

1. Pursuant to Section 2 of the Federal Arbitration Act, 9 U.S.C.A. §§ 1, et seq., the Arbitration Clause is irrevocable and enforceable.

2. Pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C.A. § 3, the Counter-claim must be dismissed or in the alternative stayed until the Defendants have arbitrated any claim or controversy that they assert arising from the Franchise Agreement.

3. Case law resulting from Section 3 allows the Court to dismiss the counterclaim since all counts are arbitrable under the Federal Arbitration Act. dismissal is warranted. Retaining jurisdiction and staying of the Counterclaim under circumstance would serve no purpose. See Lewis Tree Service, Inc. v. Lucent Technologies, Inc., S.D.N.Y. 2002, 239 F.Supp. 2d 332, Reynolds v. Halliburton Co., E.D. Texas 2002, 217 F.Supp.2d 756, and Alford v. Dean Witter Reynolds, Inc., C.A.5 (Tex.) 1991, 975 F.2d 1161.

## CONCLUSION

For the reasons set forth above the Court should dismiss the Defendants counterclaim and award the Plaintiff, KOA attorneys fees and costs in bringing this motion.

The Plaintiff,
Kampgrounds of America, Inc.,
By Its Attorney,

July 30, 2004

[signature]
Steven F. Smoot, Esq., (BBO # 543799)
Smoot & Associates, P.C.
101 Arch Street, 9th Floor
Boston, MA 02110
617-345-0220

CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand/ by overnight mail.

Date: 7/30/04 [signature]



F:\Server Files\CLIENT\Koa1584\USDCMotion to Dismiss