UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11432-REK

| | |
|---|---|
| KAMPGROUNDS OF AMERICA, INC., **Plaintiff** <br><br> v. <br><br> MICHAEL FINAMORE, EILEEN FINAMORE, GREGORY S. FINAMORE, and FINECAMP K O A, INC, **Defendants** | **DEFENDANTS' MOTION FOR INJUNCTIVE RELIEF** |

Now come the defendants, Michael Finamore, Eileen Finamore, Gregory S. Finamore and Finecamp K O A, Inc. and pursuant to Rule 65 of the Federal Rules of Civil Procedure respectfully request that this Honorable Court enter a preliminary injunction against the Plaintiff, Kampgrounds of America, Inc. from eliminating the defendants from its website; from eliminating the defendants toll free telephone number; and from terminating referral campers to the defendants. In addition, to order the plaintiff to accept the weekly royalty proceeds or deposit such royalty proceeds in an escrow account pending a decision by this court or by an arbitrator.

As grounds for this motion the defendants state as follows:

1. On or about August 31, 1999, the defendants ("FINAMORE") entered into a Franchise Agreement ("Agreement") with the plaintiff ("KOA") whereby the parties agreed that FINAMORE would operate a KOA franchise at 108 Douglas Road, Route 16, Webster, MA. In return, FINAMORE agreed to pay a weekly royalty check to KOA.

2. Since August 31, 1999 FINAMORE maintained its facility in accordance with the

Agreement and with local health codes.

3. Since August 31, 1999 FINAMORE paid the royalty proceeds to KOA in accordance with the Agreement.

4. KOA claimed that FINAMORE did not comply with the Agreement by not obtaining a annual review rating of at least 75%. KOA claimed that FINAMORE's 74.1% rating after there review justified there position in terminating the Agreement.

5. FINAMORE disputed the rating and disputed KOA's claim that KOA had the right to terminate the Agreement without arbitration as required by the Agreement.

6. Pursuant to the Agreement KOA was required to maintain FINAMORE on its website: make referrals to FINAMORE; maintain a toll free telephone number and other related services.

7. KOA failed and refused to comply with the terms of the Agreement by terminating the Agreement without cause; eliminating FINAMORE from its website; eliminating FINAMORE'S toll free telephone number; and terminated referrals campers to FINAMORE.

8. KOA's conduct in wrongfully terminating the Agreement without obtaining a decision by an Arbitrator was in violation of the Agreement which required any controversy or claim arising out of or relating to the Agreement be settled by an Arbitrator.

The defendants state that there is no insurance available to satisfy any judgment that the defendants may obtain against the plaintiff in its counterclaim and the issuance of an injunction will maintain the status quo and mitigate any of the defendants' damages until this Court or an arbitrator decides the issues presented by both parties. Defendants rely upon the Affidavit of Michael Finamore submitted herewith.

WHEREFORE, the defendants respectfully respects that this Court enter a preliminary injunction against the Plaintiff, Kampgrounds of America, Inc. from eliminating the defendants from its website; from eliminating the defendants toll free telephone number; and from terminating referral campers to the defendants. In addition, to order the plaintiff to accept the weekly royalty proceeds or deposit such royalty proceeds in an escrow account pending a decision by this court or by an arbitrator.

Respectfully submitted,
Michael Finamore, Eileen Finamore, Gregory S. Finamore and Finecamp K O A, Inc.
By their attorney,

Dated: August 6, 2004

Richard M. McLeod
Follansbee and McLeod, LLP
Ten McGrath Highway
Quincy, MA 02169
(617) 471-3494
BBO #555134

## CERTIFICATE OF SERVICE

I hereby certify that the above document is being served on this 6th day of August, 2004. I further certify that I served a true copy of this document upon each party and/or the attorney of record for each party by first class mail postage prepaid

Richard M. McLeod