UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11432-REK

KAMPGROUNDS OF AMERICA, INC.,
**Plaintiff**

v.

MICHAEL FINAMORE, EILEEN
FINAMORE, GREGORY S. FINAMORE,
and FINECAMP K O A, INC,
**Defendants**

AFFIDAVIT OF MICHAEL FINAMORE IN SUPPORT OF PLAINTIFFS' MOTIONS TO STAY PROCEEDINGS PENDING ARBITRATION and MOTION FOR PRELIMINARY INJUNCTION

I, Michael Finamore, do depose and say as follows:

1. I am a principal of Finecamp K O A, Inc. and I have personal knowledge of the facts stated herein.

2. On or about August 31, 1999, the defendants ("FINAMORE") entered into a Franchise Agreement ("Agreement") with the plaintiff ("KOA") whereby the parties agreed that FINAMORE would operate a KOA franchise at 108 Douglas Road, Route 16, Webster, MA. In return, FINAMORE agreed to pay a weekly royalty check to KOA. A copy of the Agreement is attached hereto and marked Exhibit "A".

3. Since August 31, 1999 FINAMORE maintained its facility in accordance with the Agreement and with local health codes.

4. Since August 31, 1999 FINAMORE paid the royalty proceeds to KOA in accordance with the Agreement.

5. KOA claimed that FINAMORE did not comply with the Agreement by not obtaining a

annual review rating of at least 75%. KOA claimed that FINAMORE's 74.1% rating after their review justified their position in terminating the Agreement.

6. FINAMORE disputed the rating and disputed KOA's claim that KOA had the right to terminate the Agreement without arbitration as required by the Agreement.

7. FINAMORE continue paying the royalty checks to KOA but KOA returned the checks. The royalty checks which are returned by KOA are being held by FINAMORE's attorney in escrow.

8. Pursuant to the Agreement KOA was also required to maintain FINAMORE on its website: make referrals to FINAMORE; maintain a toll free telephone number and other related services.

9. KOA failed and refused to comply with the terms of the Agreement by terminating the Agreement without cause; eliminating FINAMORE from its website; eliminating FINAMORE'S toll free telephone number; and terminated referrals campers to FINAMORE.

10. KOA's conduct in wrongfully terminating the Agreement without obtaining a decision by an Arbitrator was in violation of the Agreement which required any controversy or claim arising out of or relating to the Agreement be settled by an Arbitrator. *See* Exhibit "A" §13, page 4.

11. This is an complaint by the plaintiffs to the U.S. District Court alleging that the defendants are improperly using certain trademarks owned by the plaintiff after the defendants breached a franchise agreement and the plaintiff terminated the agreement which was executed by both the plaintiff and the defendants on or about August 31, 1999.

12. The defendants claim that they did not breach the franchise agreement and that the

plaintiff wrongfully terminated the agreement without cause. The defendants take the position that the plaintiffs conduct in eliminating the defendants from its website; eliminating defendants' toll free telephone number; and terminating referral campers to the defendants prior to an arbiter making a decision that the defendants breached the franchise agreement allowing termination of the agreement was a material breach of the franchise agreement.

13. The plaintiff and the defendants cannot agree with respect to the condition of the operation of the defendants facility and there is a discord between them relative thereto.

14. There is a controversy and claims arising out or relating to this Franchise Agreement or the breach thereof for which the parties agreed to have resolved by an arbitrator pursant to the Agreement.

These statements are signed under the pains and penalties of perjury this 6th day of August, 2004.

_____
Michael Finamore