UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11432-REK

|  |  |
|---|---|
| KAMPGROUNDS OF AMERICA, INC. <br> PLAINTIFF <br> v. <br> MICHAEL FINAMORE, <br> EILEEN FINAMORE, <br> GREGORY S. FINAMORE, and <br> FINECAMP K O A, INC., <br> DEFENDANTS | ) ) ) ) ) ) ) ) ) ) ) |

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

The Plaintiff, Kampgrounds of America, Inc. ("KOA") moves pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a preliminary injunction against the Defendants, Michael Finamore, Eileen Finamore and Gregory S. Finamore ("Finamores") and Finecamp KOA, Inc. ("Finecamp") to enjoin and restrain the Defendants and their agents, servants, employees and attorneys from using the Plaintiff, KOA's trademarks, trade names and trade dress, and remove all KOA signs, until further order of Court.

In support of this motion the Plaintiff, KOA states as follows:

1. On August 30, 1999 the Plaintiff, KOA and the Defendants, Finamores executed a Franchise Agreement ("Franchise Agreement"). A copy of the Agreement is attached as **EXHIBIT "B"** of the Verified Complaint.

2. The Defendant, Finecamp is a Massachusetts corporation operating the franchise, but is not a party to the Franchise Agreement.

3. The Plaintiff, KOA is the sole and exclusive owner of its trademarks, service marks, trade names, copyrights or other intellectual property rights relating to the franchise

- 1 -

("KOA Marks"), and under the terms of the Franchise Agreement, the Plaintiff, KOA licensed the Defendants, Finamores to use the KOA Marks.

4.  On May 11, 2004 the Plaintiff, KOA terminated the Franchise Agreement, and sent the Defendants, Finamores, a Notice of Cancellation of the Franchise Agreement. See Paragraph 35 and EXHIBIT "F" of the Verified Complaint.

5.  Pursuant to Paragraph 9 of the Franchise Agreement the Defendants, Finamores must immediately cease using the KOA Marks, and to remove all KOA signs upon the termination of the Franchise Agreement. Despite repeated demands to the Defendants, Finamores have failed and refused to stop using the KOA Marks, and to remove all KOA signs in violation of the Franchise Agreement.

6.  The Defendants, Finamores have continued to file KOA Weekly Remittance Reports and issue royalties checks which the Plaintiff, KOA has refused.

7.  The Plaintiff, KOA terminated the Franchise Agreement for the Defendants, Finamores continues and repeated breaches of the Franchise Agreement. The Plaintiff, KOA has filed a Verified Complaint, and an Affidavit of John J. Tonnsen, VP and General Counsel of the Plaintiff, KOA.

8.  On June 23, 2004 the Plaintiff, KOA filed this action pursuant to the Lanham Act, 15 U.S.C.A. §§ 1051, et seq., to preserve and protect the KOA Marks formerly licensed to the Defendants, Finamores.

9.  The Plaintiff, KOA's civil action to protect the KOA Marks is excluded from the Arbitration Clause, pursuant to Paragraph 13, subparagraph 5 of the Franchise Agreement. The Plaintiff, KOA has the right to file this action to protect and enjoin the use of the KOA Marks, and the Defendants, Finamores have the obligation to immediately cease using the KOA Marks

upon termination, even if they dispute the validity of the termination. The Defendants, Finamores must seek arbitration if they dispute the validity of the termination, but they have failed and refused to seek arbitration.

## DISCUSSION

The Plaintiff, KOA terminated the Franchise Agreement on May 11, 2004, pursuant to Paragraph 8 of the Franchise Agreement for the Defendants, Finamores breaches. Upon termination the Defendants have the affirmative obligation to immediately cease using the KOA Marks, and cease removing all KOA signs. The Plaintiff, KOA filed suit under the Lanham Act to protect the KOA Marks as allowed under Paragraph 13, subparagraph 5 of the Franchise Agreement.

If the Defendants dispute the validity of the termination they, not KOA, must proceed with Arbitration Clause as set forth in Paragraph 13 of the Franchise Agreement, and Section 2 of the Federal Arbitration Act, 9 U.S.C.A. §§ 1, et seq. The Arbitration Clause is irrevocable and enforceable pursuant tot the Federal Arbitration Act. The Defendants have failed and refused to take any actions to seek arbitration, but now asserts, three (3) months after the termination, that it is the obligation of the Plaintiff, KOA to arbitrate it right to terminate the Franchise Agreement, despite the clear language of the Arbitration Clause.

The Plaintiff, KOA asserts that the Court should dismiss the Defendants' Counterclaim, grant the Plaintiff's Motion for Preliminary Injunction (enjoining the use of the KOA Marks and the KOA signs), and deny the Defendants Motion for Preliminary Injunction, and Motion to Stay Proceedings Pending Arbitration.

The Court should not stay these proceedings when the Defendants have taken no action to seek arbitration. There is no reasonable basis to maintain jurisdiction on the Counterclaim. Case

C:\Server Files\CLIENT\Koa1584\USDCPI Motion

law resulting from Section 3 of the Federal Arbitration Act allows the Court to dismiss the counterclaim since all counts are arbitrable under the Federal Arbitration Act, dismissal is warranted. Retaining jurisdiction and staying of the Counterclaim under circumstance would serve no purpose. See Lewis Tree Service, Inc. v. Lucent Technologies, Inc., S.D.N.Y. 2002, 239 F.Supp. 2d 332, Reynolds v. Halliburton Co., E.D. Texas 2002, 217 F.Supp.2d 756, and Alford v. Dean Witter Reynolds, Inc., C.A.5 (Tex.) 1991, 975 F.2d 1161.

## CONCLUSION

For the reasons set forth above the Court should deny the Defendants Motion for Preliminary Injunction and Defendants Motion to Stay Proceedings Pending Arbitration.

The Plaintiff,
Kampgrounds of America, Inc.,
By Its Attorney,

August 17, 2004

/s/ Steven F. Smoot
Steven F. Smoot, Esq., (BBO # 543799)
Smoot & Associates, P.C.
101 Arch Street, 9th Floor
Boston, MA  02110
617-345-0220

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail /by hand/ by overnight mail.

Date: 8/17/04    /s/ N.F. Smoot

- 4 -

C:\Server Files\CLIENT\Koa1584\USDCPI Motion