UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11432-REK

| | |
|---|---|
| KAMPGROUNDS OF AMERICA, INC. | ) |
|     PLAINTIFF | ) |
| v. | ) |
| MICHAEL FINAMORE, | ) |
| EILEEN FINAMORE, | ) |
| GREGORY S. FINAMORE, and | ) |
| FINECAMP K O A, INC., | ) |
|     DEFENDANTS | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PRELIMINARY INJUNCTION, AND DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING ARBITRATION

The Plaintiff, Kampgrounds of America, Inc. ("KOA") opposes the Defendants' Motion For Preliminary Injunction, and Defendants' Motion to Stay Proceedings Pending Arbitration ("Motions") and, in opposition states as follows:

### STATEMENT OF FACTS

1. On August 30, 1999, the Plaintiff, KOA and the Defendants, Michael Finamore, Eileen Finamore and Gregory S. Finamore ("Finamores") executed a Franchise Agreement ("Franchise Agreement"). A copy of the Agreement is attached as **EXHIBIT "B"** of the Verified Complaint.

2. The Defendant, Finecamp KOA, Inc. ("Finecamp") is a Massachusetts corporation operating the franchise, but is not a party to the Franchise Agreement.

3. The Plaintiff, KOA is the sole and exclusive owner of its trademarks, service marks, trade names, copyrights or other intellectual property rights relating to the franchise

("KOA Marks"), and under the terms of the Franchise Agreement, the Plaintiff, KOA licensed the Defendants, Finamores to use the KOA Marks.

4. On May 11, 2004 the Plaintiff, KOA terminated the Franchise Agreement, and sent the Defendants, Finamores, a Notice of Cancellation of the Franchise Agreement. See Paragraph 35 and **Exhibit "F"** of the Verified Complaint.

5. Pursuant to Paragraph 9 of the Franchise Agreement the Defendants, Finamores must immediately cease using the KOA Marks, and remove all KOA signs upon the termination of the Franchise Agreement. Despite repeated demands to the Defendants, Finamores have failed and refused to stop using the KOA Marks, and to remove all KOA signs in violation of the Franchise Agreement.

6. The Defendants, Finamores have continued to file KOA Weekly Remittance Reports and issue royalties checks which the Plaintiff, KOA has refused.

7. Pursuant to Paragraph 13 of the Franchise Agreement requires that "... *any controversy or claim arising out of relating to this Franchise Agreement or breach thereof...*" must be submitted to arbitration ("Arbitration Clause"). Despite the requirement under the Franchise Agreement the Defendants, Finamores have failed and refused to seek arbitration.

8. The Plaintiff, KOA terminated the Franchise Agreement for the Defendants, Finamores continues and repeated breaches of the Franchise Agreement. The Plaintiff, KOA has filed a Verified Complaint, and an Affidavit of John J. Tonnsen, VP and General Counsel of the Plaintiff, KOA.

9. Paragraph 13 of the Franchise Agreement, the Arbitration Clause, states as follows:

13. **ARBITRATION**. Any controversy or claim arising out or relating to this Franchise Agreement or the breach thereof, expect as stated below, will be settled by arbitration in accordance with the rules of The American Arbitration Association then in effect and the Federal Arbitration Act. The decision of the arbitrator shall, except for mistake of law, shall be binding upon the parties hereto, and judgment upon the award rendered by the arbitrator, which will, in case of damages, be limited to actual damages proven in the arbitration may be entered in any court having jurisdiction thereof.

There shall be a single arbitrator who shall be an existing or former judge of a court of record within the United States or an attorney in good standing admitted top practice for a period of at least ten (10) years within the United States. No arbitration will involve parties other that the parties hereto and their respective successors and assign or be in any respect binding with respect to any other parties. The situs of the arbitration will be in Billings, Montana unless the sate law where the franchised park/campground is situated provides otherwise. In such case(s), the situs will be at the American Arbitration Association's office located in the most populous city of the state.

Except for Paragraph 3.(1) and as below stated all fees and expenses attendant to an arbitration proceeding will be shared pro rata among all the parties to the arbitration.

The arbitrator will have no power or authority to diminish KOA's complete and exclusive right, title and interest in its patents, trademarks, services marks, trade names, copyrights and other trade secrets or to vary the terms, conditions or payments which KOA has designated for licensing one or more of the same.

A party wishing to proceed through an action, suit or proceeding with respect to trademarks, service marks, trade names, copyrights or other intellectual property rights may do so without limitation, protecting any of the same against infringements and recovering compensation or damages their use. The prevailing party is entitled to be compensated for its attorneys fees, court costs and other reasonable expenses in any such action."

10. On June 23, 2004 the Plaintiff, KOA filed this action pursuant to the Lanham Act, 15 U.S.C.A. §§ 1051, et seq., to preserve and protect the KOA Marks formerly licensed to the Defendants, Finamores.

11. The Plaintiff, KOA's civil action to protect the KOA Marks is excluded from the Arbitration Clause, pursuant to Paragraph 13, subparagraph 5 of the Franchise Agreement. The Plaintiff, KOA has the right to file this action to protect and enjoin the use of the KOA Marks, and the Defendants, Finamores have the obligation to immediately cease using the KOA Marks

upon termination, even if they dispute the validity of the termination. The Defendants, Finamores must seek arbitration if they dispute the validity of the termination, but they have failed and refused to seek arbitration.

12. On July 16, 2004 the Defendants filed an Answer, Counterclaim and Demand for Jury Claim ("Counterclaim"), setting forth three (3) counts: (1) Breach of Contract, for breach of the Franchise Agreement for improper termination, (2) Violation of Massachusetts General Law, Chapter 93A, Section 11, for improper termination the Franchise Agreement, and (3) Breach of the Implied Covenant of Good Faith and Fair Dealing, for improper termination the Franchise Agreement. The Defendants did not raise the issue of arbitration anywhere in its answer and Counterclaim.

## DISCUSSION

The Plaintiff, KOA terminated the Franchise Agreement on May 11, 2004, pursuant to Paragraph 8 of the Franchise Agreement for the Defendants, Finamores breaches. Upon termination the Defendants have the affirmative obligation to immediately cease using the KOA Marks. The Plaintiff, KOA filed this suit under the Lanham Act to protect the KOA Marks as allowed under Paragraph 13, subparagraph 5 of the Franchise Agreement.

If the Defendants dispute the validity of the termination they, not KOA, must proceed under the Arbitration Clause as set forth in Paragraph 13 of the Franchise Agreement, and Section 2 of the Federal Arbitration Act, 9 U.S.C.A. §§ 1, et seq. The Arbitration Clause is irrevocable and enforceable. The Defendants have failed and refused to take any actions to seek arbitration, but now asserts, three (3) months after the termination, that it is the obligation of the Plaintiff, KOA to arbitrate its right to terminate the Franchise Agreement, despite its clear language.

The Plaintiff, KOA asserts that the Court should dismiss the Defendants' Counterclaim, grant the Plaintiff's Motion for Preliminary Injunction (enjoining the use of the KOA Marks and remove the KOA sign), and deny the Defendants Motion for Preliminary Injunction, and Motion to Stay Proceedings Pending Arbitration.

The Court should not stay these proceedings when the Defendants have taken no action to seek arbitration. The Court should also dismiss the Counterclaim, since there is no reasonable basis to maintain jurisdiction on the Counterclaim. Case law resulting from Section 3 of the Federal Arbitration Act allows the Court to dismiss the counterclaim since all counts are arbitrable under the Federal Arbitration Act, dismissal is warranted. Retaining jurisdiction and staying of the Counterclaim under circumstance would serve no purpose. See <u>Lewis Tree Service, Inc. v. Lucent Technologies, Inc.</u>, S.D.N.Y. 2002, 239 F.Supp. 2d 332, <u>Reynolds v. Halliburton Co.</u>, E.D. Texas 2002, 217 F.Supp.2d 756, and <u>Alford v. Dean Witter Reynolds, Inc.</u>, C.A.5 (Tex.) 1991, 975 F.2d 1161.

## CONCLUSION

For the reasons set forth above the Court should deny the Defendants Motion for Preliminary Injunction and Motion to Stay proceedings Pending Arbitration.

The Plaintiff,
Kampgrounds of America, Inc.,
By Its Attorney,

August 17, 2004

Steven F. Smoot, Esq., (BBO # 543799)
Smoot & Associates, P.C.
101 Arch Street, 9th Floor
Boston, MA 02110
617-345-0220

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/~~by hand/~~ ~~by overnight mail~~.
Date: 8/17/04

- 5 -