UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11432-REK

| | |
|---|---|
| KAMPGROUNDS OF AMERICA, INC., **Plaintiff** <br><br> v. <br><br> MICHAEL FINAMORE, EILEEN FINAMORE, GREGORY S. FINAMORE, and FINECAMP K O A, INC, **Defendants** | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

Now come the defendants, Michael Finamore, Eileen Finamore, Gregory S. Finamore and Finecamp K O A, Inc. and hereby oppose plaintiffs' motion for preliminary injunction on the grounds that there is no likelihood of success on the merits of the plaintiff's claim until a court of competent jurisdiction or an arbitrator decides that the plaintiff had just cause to terminate the parties Franchise Agreement ("Agreement") as required by the Agreement. See paragraphs 8 and 13 of the Agreement attached to the Affidavit of Michael Finamore previously submitted to the Court.

Plaintiff claims that the defendants failed to comply with the standards set forth in the Agreement by failing to adhere to KOA's standards of operations. The plaintiff sent written notice of minor deficiencies with the defendant's operation. The defendants immediately corrected the deficiencies prior to the plaintiff termination of the agreement. The plaintiff claims that the defendants' operation did not meet KOA's overall standard of operation rating of 75%. The rating given by the plaintiff after the plaintiff's inspection of the defendants' operation was 74.6%.

The difference between the overall rating and the passing rating was less than 1%. The defendants vehemently disputed such subjected rating given by the plaintiff. See copy of defendants' demand letter to the plaintiff attached hereto and marked Exhibit "A".

Moreover, the plaintiff failed to make a claim for arbitration prior to terminating the Franchise Agreement when it knew that there was a controversy between the parties arising out of and relating to the Franchise Agreement. *See* §13, page 4 of the Franchise Agreement.

The defendants have recently made a demand for Arbitration and filed a claim with the American Arbitration Association.

The defendants have sent to the plaintiff weekly royalty checks in accordance with the Agreement which have been returned to the defendants. The defendants will continue to place all royalty checks into an escrow account pending the outcome of this matter. The plaintiff has wrongfully terminated a toll free telephone number and eliminated the defendants' operation from its web site causing loss of revenue to the defendants. The maintaining of all KOA signs on the defendants' property will mitigate the damages being sustained by the defendants which were caused by the plaintiff's wrongful termination of the Agreement.

In sum, the plaintiff is not entitled to an injunction against the defendants enjoining from using KOA's trademarks because there is no likelihood of success on the merits of plaintiff's claim until an Arbitrator decides which party breached the contract. Moreover, no irreparable harm will be suffered by the plaintiff if the defendants' continue to place the weekly royalty checks in an escrow account pending the outcome of this matter.

WHEREFORE, the defendants respectfully respects that this Court to deny plaintiff's motion to for preliminary injunction and stay all proceedings in this matter, pending arbitration.

Respectfully submitted,
Michael Finamore, Eileen Finamore, Gregory S. Finamore and Finecamp K O A, Inc.
By their attorney,

Dated: August 27, 2004

Richard M. McLeod
Follansbee and McLeod, LLP
Ten McGrath Highway
Quincy, MA 02169
(617) 471-3494
BBO #555134

CERTIFICATE OF SERVICE

I hereby certify that the above document is being served on this 27th day of August, 2004. I further certify that I served a true copy of this document upon each party and/or the attorney of record for each party by first class mail postage prepaid.

Richard M. McLeod