UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 04-11432-REK

| | |
|---|---|
| KAMPGROUNDS OF AMERICA, INC., **Plaintiff** <br><br> v. <br><br> MICHAEL FINAMORE, EILEEN FINAMORE, GREGORY S. FINAMORE, and FINECAMP K O A, INC, **Defendants** | SUPPLEMENTAL AFFIDAVIT OF MICHAEL FINAMORE IN SUPPORT OF DEFENDANTS' MOTIONS TO STAY PROCEEDINGS PENDING ARBITRATION and OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS and REQUEST FOR INJUNCTION |

I, Michael Finamore, do depose and say as follows:

1. I am a principal of Finecamp K O A, Inc. and I have personal knowledge of the facts stated herein.

2. On or about August 31, 1999, the defendants ("FINAMORE") entered into a renewal Franchise Agreement ("Agreement") with the plaintiff ("KOA") whereby the parties agreed that FINAMORE would operate a KOA franchise at 108 Douglas Road, Route 16, Webster, MA. In return, FINAMORE agreed to pay a weekly royalty check to KOA.

3. I have operated a KOA franchise for approximately the past thirty-two (32) years. I have maintained this facility in accordance with the Agreement and with local health codes.

4. During the course of thirty-two years I have continue to improve the camping facility and have expeditiously corrected any deficiencies as noted by KOA.during routine inspections. In the past I have received "White Hat Awards" from KOA for maintaining and operating a campground with higher than normal standards.



5.  During the past two years I have updated the campground's electrical service beyond what was required by KOA; the cable system; the water system; campsites; and the pool. I have also replaced driveways, roadways and walkways within the site.

6.  My wife and I have always attended regional meeting, conventions and programs sponsored by KOA every five years as required by KOA and the parties Agreement. I am currently enrolled to attend a convention this November which is sponsored by KOA. KOA has accepted my payment for attendence and I will attend such convention despite the pendency of this matter.

7.  KOA claimed that our facility did not comply with the Agreement by not obtaining a annual review rating of at least 75%. KOA claimed that our facility received a 74.6% rating after their review in order to justify their position in terminating the Agreement.

8.  I vigorously disputed the rating and disputed KOA's claim that KOA had the right to terminate the Agreement without arbitration as required by the Agreement. I spend thousands of dollars each year updating and upgrading the facility. I have always complied with KOA's recommendations for upgrades and repairs to the facility.

9.  KOA's inspection in 2004 was conducted prior to the start of the camping season. The photographs which were submitted to this Court clearly show that the facility was in the process of preparing for the camping season. For example the picture of the pool was taken when we first removed the winter cover from pool. The pool was in the process of being treated with chemicals in order to restore the water to a crystal clear appearance. The sign for the store hours was covered because the store was not opened for the same hours during the winter season and I did not want to mislead campers about the store hours. Pursuant to the Agreement we are required to maintain 4 hours a day for store

hours during the off-season and we maintain 6 hours a day during the off-season. During the in-season we maintain 12-14 hours a day seven days per week. The other pictures clearly show our facility in the process of preparing for the camping season.

8. KOA also encourages long term campers at these sites because it is a source of continued revenue. I do have a very a few campers that are long term campers that maintain recreation vehicles and not mobile homes are indicated by KOA. The bulk of our long term campers are individuals who are out-of-state and are employed by contractors involved in major contruction projects in Massachusetts such as "The Big Dig" and replacing fiber-optic lines for Verizon. These fiber-optic lines travel from coast-to-coast and there installed along with gas lines.

9. We have had individuals who have abandoned campers at our site. We have notified the local police department and before we remove the vehicles from our site we need to obtain a court order. One of the pictures depict an abandoned vehicle, which we moved to a part of the property that we designate as storage until the individual returns or we obtain a court order. The vehicles are not situated within the camp sites. During the past few months we have been able to remove a couple of the abandoned vehicles. In addition, we do not sell used cars on our site.

10. I have always cooperated and encouraged KOA systems and participated in the "Kamping Kabin Program" as required by the Agreement.

11. KOA had no grounds to terminate the Franchise Agreement based on an arbitrary and capricious annual review score that reflected less than one-half (1/2) percent below a passing score.

12. There is a pending claim filed with American Arbitration Association concerning the

parties dispute over the terms of the Franchise Agreement.

These statements are signed under the pains and penalties of perjury this 28th[th] day of September, 2004.

*Michael Finamore* (signature)
Michael Finamore