UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                      )
KAMPGROUNDS OF AMERICA, INC.    )
     Plaintiff                                )
                                                      )
     v.                                           )    CIVIL ACTION
                                                       )    NO. 04-11432-REK
MICHAEL FINAMORE,                 )
EILEEN FINAMORE,                  )
GREGORY S. FINAMORE, and      )
FINECAMP KOA, INC.,               )
     Defendants                          )
_____  )

**Memorandum and Order**
September 30, 2004

### I.  Pending Matters

Pending for decision are matters related to the following filings:

(1) Plaintiff's Motion to Dismiss Defendants' Counterclaim (Docket No. 7) (filed August 2, 2004);

(2) Defendants' Opposition to Plaintiff's Motion to Dismiss (Docket No. 8) (filed August 9, 2004);

(3) Defendants' Motion for Injunctive Relief (Docket No. 9) (filed August 9, 2004);

(4) Defendants' Motion to Stay Proceedings Pending Arbitration (Docket No. 10) (filed August 9, 2004) and Affidavit of Michael Finamore in Support of Plaintiff's Motions to Stay Proceedings Pending Arbitration and Motion for Preliminary Injunction (Docket No. 11) (filed August 9, 2004);

(5) Plaintiff's Opposition to Defendants' Motion for Preliminary Injunction and Defendants' Motion to Stay Proceedings Pending Arbitration (Docket No. 13) (filed August 17, 2004)

(6) Plaintiff's Motion for Preliminary Injunction (Docket No. 12) (filed August 17, 2004) and Affidavit of John H. Tonnsen (Docket No. 14) (filed August 17, 2004); and

(7) Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction (Docket No. 15) (filed August 30, 2004) and Supplemental Affidavit of Michael Finamore in Support of Defendants' Motion to Stay Proceedings Pending Arbitration and Opposition to Plaintiff's Motion to Dismiss and Request for Injunction (Docket No. 17) (filed September 28, 2004).

## II. Factual and Procedural Background

Plaintiff Kampgrounds of America (KOA) and defendants entered into a franchise agreement allowing the defendants to operate a campground under the KOA name. The plaintiff, contending that the operation of the campground was in violation of the franchise agreement, terminated the franchise. The defendants continued to use the KOA name and marks. Plaintiff later brought the present claim accusing the defendants of violations of the Lanham Act because the defendants are still using the KOA name and marks. (Docket No. 1) (filed June 23, 2004). The defendants initially counterclaimed for breach of contract, improper termination of a franchise agreement under M.G.L. c. 93A, and breach of the implied covenant of good faith arising from the improper termination of the franchise agreement. (Docket No. 6) (filed July 19, 2004).

Plaintiff filed a motion to dismiss the defendants' counterclaims based on the

arbitration clause in the franchise agreement. (Docket No. 7). That clause states:

> Any controversy or claim arising out of or relating to the Franchise Agreement or the breach hereof, except as stated below, will be settled by arbitration in accordance with the rules of The American Arbitration Association then in effect and the Federal Arbitration Act. The decision of the arbitrator shall, except for mistakes of law, be final and binding upon the parties hereto, and judgment upon the award rendered by the arbitrator, which will, in the case of damages, be limited to actual damages proven in the arbitration may be entered in any court having jurisdiction thereof. . . .
>
> The arbitrator will have no power or authority to diminish KOA's complete and exclusive right, title and interest in its patents, trademarks, service marks, trade names, copyrights and other trade secrets or to vary the terms, conditions or payments which KOA has designated for licensing one or more of the same.
>
> A party wishing to proceed through an action, suit or proceeding with respect to trademarks, service marks, trade names, copyrights or other intellectual property rights may do so without limitation, protecting any of the same against infringements and recovering compensation or damages for their use. The prevailing party is entitled to be compensated for its attorney's fees, court costs and other reasonable expenses in any such action.

Verified Complaint, Exhibit B (Docket No. 1). Plaintiff claims that the counterclaims are barred because they are governed by the arbitration agreement.

Defendants have replied with a motion for injunctive relief. (Docket No. 9). The defendants seek to prevent the plaintiff (i) from removing the defendants from the plaintiff's website, (ii) from eliminating the defendants' toll free number, and (iii) from terminating referral campers to the defendants. The defendants also seek to require the plaintiff to accept royalty proceeds or to hold them in escrow pending a decision by this court or an arbitrator. The defendants' grounds for the claim are that they did not violate the franchise agreement, and, more significantly, that the plaintiff "KOA's conduct in wrongfully terminating the Agreement without

3

obtaining a decision by an Arbitrator" was in violation of the agreement, which required any controversy or claim arising out of or relating to the agreement to be resolved by an arbitrator.

Defendants have also filed a motion to stay the court's action vis-a-vis the claims and counterclaims of both the plaintiff and the defendants. (Docket No. 10). The defendants argue that the court should stay the case until an arbitrator has determined whether the defendants were in breach of the franchise agreement.

Finally, plaintiff filed its own motion for a preliminary injunction. (Docket No. 12). Plaintiff argues that it had licensed the defendants to use its name and marks pursuant to the franchise agreement. The plaintiff then terminated the franchise agreement. The plaintiff contends that, under the franchise agreement, the defendants must cease using their name and marks. The plaintiff notes it has demanded that defendants stop using the names and marks to no avail. The plaintiff contends that "[t]he Plaintiff, KOA has the right to file this action to protect and enjoin the use of the KOA Marks, the Defendants, Finamores have the obligation to immediately cease using the KOA Marks upon termination, even if they dispute the validity of the termination." The plaintiff also notes that the defendants had yet to file for arbitration. The defendants, however, in their response, note that they have finally done so.

### III. Disposition of the Plaintiff's Motion to Dismiss and the Defendants' Motion to Stay

Determining whether a wrongful termination has occurred is a predicate to determining the plaintiff's Lanham Act claims. Defendant has instituted arbitration proceedings, Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction at p.2. In these

circumstances, the order below grants the defendants' motion to stay the plaintiff's claim pending an arbitrator's decision on whether a wrongful termination has occurred. "[S]ection three of the Federal Arbitration Act plainly requires that a district court stay litigation where *issues* presented in the litigation are the subject of an arbitration agreement." Kroll v. Doctor's Associates, Inc., 3 F.3d 1167, 1171 (7th Cir. 1993) (quotation and citation omitted).

As to the defendants' counterclaims, however, the order below denies the defendants' motion to stay and grants the plaintiff's motion to dismiss without prejudice. A dispute exists as to whether the plaintiff's Lanham Act claim is affected by the arbitration clause, but no such dispute exists about the defendants' claims stemming from an allegation of wrongful breach of the franchise agreement. Thus, those counterclaims are not properly before the court. If and when the defendants receive an arbitration award in their favor, they can refile and seek to reduce the award to judgment.

**IV. Disposition of Plaintiff's and Defendants' Motions for Preliminary Injunctions**

In trial courts within the First Circuit, ordinarily the applicable standard for deciding motions for preliminary injunction requires the trial court to consider whether the plaintiff (or other party) seeking a preliminary injunction has met its burden of showing (1) that plaintiff (or other party) has a likelihood of success on the merits; (2) that irreparable harm is likely to occur if the injunction is not granted; (3) that the harm likely to occur outweighs any hardship that would be inflicted on the party opposing the injunction; and (4) that the public interest will not be adversely affected by the injunction. See Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981); see also Strahan v. Coxe, 127 F.3d 155, 160 (1st

5

Cir. 1997), cert. denied 525 U.S. 830 (1998). "Likelihood of success is the main bearing wall of the four-factor framework." <u>Ross-Simons of Warwick, Inc. v. Baccarat, Inc.</u>, 102 F.3d 12, 16 (1st Cir. 1996).

Because the plaintiff has not demonstrated a likelihood of success on the merits, the order below denies the plaintiff's motion for a preliminary injunction. The case <u>Computer Currents Publishing Corp. v. Jaye Communications, Inc.</u>, 968 F.Supp. 684 (N.D.Ga. 1997), is persuasive. In that case, Computer Currents, a publisher of "a network of local computer-related news magazines entitled Computer Currents[,]" held a trademark on the name. <u>Id.</u> at 685. Computer Currents entered into a licensing agreement with the defendant Jaye Communications "granting defendant the authority to publish a version of Computer Currents for the Atlanta area." <u>Id.</u> at 686. For reasons stated in the opinion, Computer Currents attempted to terminate the licensing agreement. <u>Id.</u> Computer Currents then filed a motion for a preliminary injunction "on the grounds that defendant's continued use of the mark will severely damage the value of the mark and plaintiffs' business." <u>Id.</u> at 686-87. Jaye Communications claimed that no trademark infringement had occurred because the licensing agreement was wrongfully terminated. <u>Id.</u> at 687. The court in <u>Computer Currents</u> denied the motion for preliminary injunction, ruling that, "in order to satisfy the first prerequisite for a preliminary injunction, plaintiffs must demonstrate that, under the terms of the Agreement, they were entitled to terminate the Agreement immediately based on defendant's conduct." <u>Id.</u> at 688.

<u>Computer Currents</u> is particularly applicable to the likelihood of success prong of this court's inquiry here because the defendants' in this case have attempted and continue to attempt to make payments to the plaintiff under the franchise agreement. Previous cases that have

allowed a trademark infringement claim to proceed despite a claim of wrongful termination featured a determination by the courts that "an event had occurred under the parties' agreement that entitled the franchisor to terminate the contract." See In Re Tampa Checkmate Food Services Inc., 221 B.R. 541, 546 (Bankr. M.D.Fla. 1998).  The plaintiff has filed an affidavit, which plaintiff claims shows that the defendants were in violation of the franchise agreement.  The assorted pictures give no context or standard by which to judge this assertion.  Therefore, the plaintiff has failed to meet its burden for a preliminary injunction.

The defendants' motion for a preliminary injunction must also be denied because their claims are covered by the arbitration clause and they do not seek merely to preserve the status quo.  Even if a dispute is subject to an arbitration clause, parties retain the right "to preserve the meaningfulness of the arbitration process."  Teradyne, Inc. v. Mostek Corp., 797 F.2d 43, 51 (1st Cir. 1986).  The defendants seek to prevent the plaintiff from eliminating the defendants from its website, from eliminating the defendants' toll free telephone number, and from terminating referral campers to the defendants.  Although the defendants claim that they merely seek to preserve the status quo, and frame their requests as an attempt to prevent the plaintiff from taking down their name and phone number, in the defendants' motion to stay the defendants note that the plaintiff already has taken down the defendants from the website, eliminated the toll free telephone number, and terminated referral campers.  Thus, the defendants' request for a preliminary injunction does not qualify under the rule of Teradyne because it does not seek to preserve the status quo.  See Bercovitch v. Baldwin School, Inc., 133 F.3d 141, 151 (1st Cir. 1998) (citing Teradyne for the proposition that "the district court had jurisdiction to issue a preliminary injunction to preserve the status quo pending arbitration"); Baychar, Inc. v. Frisby

7

Technologies, 2001 WL 856626, *1, *4 (citing Teradyne and concluding that "[t]o obtain a preliminary injunction regarding an arbitrable dispute, a movant must show that the preliminary injunction would serve to maintain the status quo in order to facilitate the arbitration"). See also Danieli & C. Officine Maccaniche S.p.A. v.Morgan Construction, 190 F.Supp.2d 148, 154-155 (D.Mass. 2002) (interpreting Teradyne to mean that "preserving the status quo pending arbitration" means protecting "the moving party's right to retain its remedies during such proceedings").

Even if this court were to entertain the motion for a preliminary injunction, the defendants have not provided information sufficient to demonstrate a likelihood of success on the merits or irreparable harm. The defendants' claim that they were in compliance with the terms of the franchise agreement and that the plaintiff's determination that the defendants' campground fell below the 75% compliance rating required by the franchise agreement was wrong. The defendant makes mere assertions as to compliance without proffered proof. Moreover, the damage the defendants want to prevent is not irreparable. "Irreparable harm most often exists where a party has no adequate remedy at law." Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). Here an arbitrator's damages ruling could make the defendants whole. See Id.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion to Dismiss Defendants' Counterclaim (Docket No. 7) is GRANTED;

(2) Defendants' Motion for Injunctive Relief (Docket No. 9) is DENIED;

(3) Defendants' Motion to Stay Proceedings Pending Arbitration (Docket No. 10) is GRANTED in part and DENIED in part, as explained in the foregoing memorandum;

(4) Plaintiff's Motion for Preliminary Injunction (Docket No. 12) is DENIED

                                              /s/Robert E. Keeton

                                              Robert E. Keeton

                                              Senior United States District Judge